[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION — MOTION TO STRIKE #132.00
The defendant in this foreclosure action filed a special defense alleging that the plaintiff failed to provide the defendant with a truth in lending disclosure as required by 15 U.S.C. § 1601 et seq., and thus the defendant is entitled to damages as a matter of recoupment or set-off pursuant to 15 U.S.C. § 1640(e). The plaintiff now moves to strike the special defense.
The Federal Truth in Lending Act "does not bar a person from asserting a violation of this title [15 U.S.C. § 1601 et seq.] in an action to collect the debt . . . as a matter of defense by recoupment or set-off in such action, except otherwise provided by State law. . . ."15 U.S.C. § 1640 (e). The corresponding Connecticut Truth in Lending Act states, in relevant part, "[a] person may not take any action to offset any amount for which a creditor or assignee is potentially liable to such person . . . unless the amount of the creditor's or assignee's liability under sections [General Statutes] 36a-675 to 36a-685, inclusive, has been determined by judgment of a court of competent jurisdiction in an action to which such person was a party. This subsection does not bar a consumer then in default on the obligation from asserting a violation of said sections as an original action, or as a defense or counterclaim to an action to collect amounts owed by the consumer brought by a person liable under said sections." General Statutes § 36a-683(h); see also Claudia Funding Corporation v.Ragan, Superior Court, judicial district of New Haven, Docket No. 416704 (May 25, 1999, Celotto, J.T.R.). Thus, the federal and Connecticut statutes allow a defendant in a foreclosure action to assert the defense of a right of set-off. The correct amount of debt must be established for the court to enter a foreclosure judgment. If any truth in lending violations are found, the amount of debt owed by the defendant to the plaintiff in the foreclosure action will be reduced.
Accordingly, the court finds that the defendant's right of set-off is authorized by the federal and Connecticut Truth in Lending Acts, and the CT Page 12037 motion to strike is denied.
Cremins, J.